IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOSEPH N ZACHAROW,

    Plaintiff,

v.                                  CASE NO. 1:10-cv-00138-MP-AK

MONICA E DE LA CRUZ, et al,

    Defendants.

_____/

**O R D E R**

This matter is before the Court upon the filing of a complaint against persons residing in Miami, Florida, and concerning the issuance of a parking ticket in Dade County, Florida. (Doc. 1). The proper forum for this action pursuant to 28 U.S.C. § 1391(b) is where any defendant resides or where a substantial part of the events giving rise to the claims occurred. Thus, this case should be brought in the United States District Court for the Southern District of Florida, Miami Division. 28 U.S.C. § 89(c).

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." A court may raise the issue of defective venue *sua sponte*, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988). The Lipofsky court did not place the same

limitations on the court's ability to transfer a case to the appropriate forum pursuant to 28 U.S.C. § 1404(a).  *See* Lipofsky, 861 F.2d at 1259, n. 2.

Accordingly, it is

**ORDERED AND ADJUDGED:**

This case is hereby transferred to the United States District Court for the Southern District of Florida, Miami Division.

**DONE AND ORDERED** this  *28th*   day of July, 2010


*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge